IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA STIGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3075-N |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Ocwen Loan Servicing, LLC's ("Ocwen") (collectively, "Defendants") motion to dismiss [4] and Plaintiff Cynthia Stiger's motion for leave to file first amended complaint [10]. The Court grants the Defendants' motion to dismiss and denies Stiger's motion for leave.

### I. ORIGINS OF THE DISPUTE

This dispute concerns the property located at 7227 Valley View Place, Dallas, Texas 75240 (the "Property"). In mid-2006, Stiger executed an adjustable rate note for $396,080. *See* Defs.' Br. in Supp. of Mot. to Dismiss 6 [5]. To secure repayment of the note, Stiger executed a deed of trust encumbering the Property. The deed of trust was assigned to Deutsche Bank. In March 2015, the Property was conveyed to Deutsche by foreclosure on the property when Stiger ceased making payments. Stiger brought claims against Defendants, and also against Power Default Services Inc., for wrongful foreclosure, breach of contract, unjust enrichment, violation of 12 C.F.R. § 1024.41 and 12 U.S.C. § 2605(f)**,** to

ORDER – PAGE 1

quiet title, and to obtain declaratory judgment. Defendants moved to dismiss all claims. Stiger moved the Court for leave to file her first amended complaint.

## II. THE COURT GRANTS THE MOTION TO DISMISS

### A. The Rule 12(b)(6) Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

ORDER – PAGE 2

However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### *B. Stiger Fails to State a Claim to Quiet Title*

The principal issue in a quiet title action is "the existence of a cloud that equity will remove." *Metcalf v. Deutsche Bank Nat. Tr. Co.*, 2012 WL 2399369, at *6 (N.D. Tex. 2012)

(quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App. – Waco 1980, writ ref'd n.r.e.)). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.).

To succeed on a quiet title claim, a plaintiff must prove that (1) she has an interest in a specific property, (2) the defendant's claim affects title to the property, and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *7 (S.D. Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] 2011, no pet.) (mem. op.)). A plaintiff can recover only on the strength of her own title, not the weakness of any defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) (citing *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App. – Corpus Christi 1984, writ ref'd n.r.e.)). When a plaintiff attempts to recover title from a mortgagee who took title pursuant to a foreclosure sale, the plaintiff must also establish "both that the foreclosure was void or invalid and that he or she tendered the full amount due on the mortgage loan." *Barrett v. Bank of Am., N.A.*, 2015 WL 668488, at *2 (N.D. Tex. 2015) (citing *Willoughby v. Jones*, 251 S.W.2d 508, 510 (Tex. 1952)).

In the present case, Stiger fails to plead that she tendered the full amount due on the mortgage loan. Stiger does not dispute that she executed the note and deed of trust. Moreover, she does not allege any infirmity with the note and deed of trust other than her

assertion that Deutsche Bank did not possess the note and was never assigned the note. Pl.'s Original Pet. 5–6 [1-3]. Texas law rejects Stiger's argument that a foreclosing party must possess a note prior to foreclosure, however. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Accordingly, the Court dismisses Stiger's claim to quiet title.

### *C. Stiger Fails to State a Claim for Wrongful Foreclosure*

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008) (citing *Charter Nat. Bank--Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App. 1989), writ denied). In the present case, Stiger admits that she failed to allege facts sufficient to meet these elements. Stiger claims, however, that under Texas law, "a distinction is recognized between a wrongful foreclosure sale that is unauthorized or without right, and an irregular exercise of a matured right to foreclose." Pl.'s Resp. 5. According to Stiger, because Defendants never had the right to foreclose on her property in the first place, her pleading defects are irrelevant. The Court considers Stiger's argument to be another version of her claim to quiet title. Accordingly, the Court dismisses Stiger's claim for wrongful foreclosure for the reasons discussed above, *see supra* Section 2(b), and also because Stiger failed to plead the elements of a wrongful foreclosure.

### *D. Stiger Fails to State a Claim for Breach of Contract*

The elements of a claim for breach of contract under Texas law are the following: (1) a valid contract existed between the parties; (2) the plaintiff performed, or tendered performance; (3) the defendant breached the contract; and (4) the defendant's breach caused the plaintiff's injury. *Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 198 (Tex. App. – Fort Worth 2006, no pet.). Merely breaching a contract does not necessarily excuse the other party from performing under the contract, but a material breach will excuse the other party from performing. *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 632 (Tex. 2008); *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004). A breach is "material" if the injured party does not receive the substantial benefit of the bargain under the contract. *See Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 768 (Tex. 2014).

In her original petition, Stiger alleged that "in the context of accelerating the debt and foreclosing on the Property, Deutsche Bank was required to comply with regulations of the HUD Secretary." Pl.'s Original Pet. 10. Morever, Stiger claims that Deutsche Bank was to comply both with federal law and with the laws of the State of Texas, and failure to comply was a breach of the deed of trust. *Id.* Stiger admitted, however, that she "had not made a note payment to anyone in several months" before she received a notice of default from Ocwen. *Id.* at 5.

Stiger's breach of contract claims fail because she materially breached the contract before Defendants accelerated the debt and foreclosed on the Property. Stiger materially

breached the contract first when she failed to make payments pursuant to the deed of trust. *See* Pl.'s Original Pet. 5 ("Plaintiff had not made a note payment to anyone in several months when in November of 2014, she received a Notice of Default"). Moreover, the deed of trust does not mention any "regulations of the HUD Secretary." *See* App. in Supp. of Defs.' Mot. to Dismiss, Ex. B [6-1]. Finally, Stiger did not address any of the arguments Defendants made in their motion to dismiss in her response brief. Accordingly, the Court grants Defendants' motion to dismiss Stiger's claim for breach of contract.

### E. Stiger Fails Adequately To Allege Violations of 12 C.F.R. § 1024.41 and 12 U.S.C. § 2605(f)

To state a claim under 12 U.S.C. § 2605 through 12 C.F.R. § 1024.41 a plaintiff must allege facts sufficient to show that the servicer received a complete loss mitigation application or that the borrower submitted a complete loss mitigation application to the servicer. 12 C.F.R. § 1024.41. Defendants argue that Stiger failed to allege that she submitted a complete loss mitigation application. Moreover, Defendants argue that Stiger brought this claim only against Deutsche Bank – and not against the other defendants – and that Deutsche Bank is not the servicer of the loan. Stiger did not address these contentions in her response. Accordingly, the Court grants Defendants' motion to dismiss this claim because Stiger failed to allege she submitted a complete loss mitigation application and because Deutsche Bank is not the servicer of the loan.

### *F. Stiger Fails To State a Claim for Unjust Enrichment*

"Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits," regardless of whether the defendant engaged in wrongdoing. *Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App. – Dallas 2009, pet. den.) (citations omitted). "Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Id.* (citation omitted). "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citations omitted).

Some Texas authorities hold that plaintiffs cannot state a claim for unjust enrichment as an independent cause of action under Texas law. *See, e.g.*, *Casstevens v. Smith*, 269 S.W.3d 222, 229 (Tex. App. – Texarkana 2008, pet. denied). Some Texas courts – including the Supreme Court of Texas – however, have suggested otherwise. *See, e.g.*, *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 682–86 (Tex. 2000) (upholding summary judgment on some of plaintiff's unjust enrichment claims); *see also McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 828 (Tex. App. – Dallas 2010, pet. denied) (upholding trial court's grant of summary judgment on claims for both unjust enrichment and money had and received); *Texas Integrated*, 300 S.W.3d at 367, 380–81 (discussing plaintiff's "unjust

enrichment claim" and "elements" comprising such a claim); *accord Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 739 (N.D. Tex. 2008) (Godbey, J.) (noting that "it is unclear under Texas law whether unjust enrichment is an independent cause of action") (citations omitted).

Regardless of whether Texas law allows "unjust enrichment" as an independent cause of action, however, Stiger has failed to articulate with sufficient particularity (1) what benefit each defendant is alleged to have received from Stiger; (2) what acts of fraud, duress, or taking of undue advantage are alleged to have been committed by each defendant; and (3) that Stiger tendered anything of value to any defendant. Because of these failures, the Court grants Defendants' motion to dismiss Stiger's claim for unjust enrichment.

### G. The Court Dismisses Stiger's Request for Declaratory Judgment

Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the federal Declaratory Judgment Act ("DJA"). 28 U.S.C. §§ 2201–2202; *see, e.g.*, *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5 n.11 (N.D. Tex. 2011); *Morrice Logistics, Ltd. v. Intransit Inc.*, 2011 WL 1327397, at *4 n.1 (W.D. Tex. 2011). The DJA is a procedural mechanism; it creates no substantive rights. *See Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937). There must first be a justiciable controversy between the parties for the DJA to provide relief. *See Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15 (E.D. Tex. 2012); *see also Turner* 2011 WL 3606688, at *5

(explaining that the DJA is "merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law").

Stiger offers no reason that Defendants cannot foreclose on the Property. Thus, no justiciable controversy exists between the parties. Accordingly, the Court dismisses Stiger's claim for declaratory judgment.

### III. THE COURT DENIES LEAVE TO AMEND

Generally, "[t]he court should freely give [a party] leave [to amend its pleading] when justice so requires." FED. R. CIV. P. 15(a). But the court may deny a request to amend a pleading where the amendment would be futile. *Emory v. Texas State Bd. of Med. Examiners*, 748 F.2d 1023, 1027 (5th Cir. 1984). A proposed amendment is futile if it could not survive a motion to dismiss. *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("[A] trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

Stiger's proposed amended complaint reiterates her claim to quiet title, claim of unjust enrichment, and her request for declaratory relief. These claims are all futile because they can not survive a motion to dismiss for the reasons discussed above. Stiger also adds two new claims to her amended complaint: negligent misrepresentation and violations of the Texas Debt Collection Practices Act.

### *A. Stiger's Negligent Misrepresentation Claim Is Futile*

To state a claim of negligent misrepresentation, a plaintiff must allege sufficient facts to show

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*First Nat. Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998). Stiger's amended complaint fails to identify any misrepresentation, any pecuniary loss she suffered, and how she justifiably relied on such a misrepresentation. Accordingly, the Court finds that Stiger's negligent misrepresentation claim could not survive a Rule 12(b)(6) motion to dismiss.

### *B. Stiger's Texas Debt Collection Act Claims Are Futile*

Stiger has alleged claims under sections 392.301(a)(8), 392.303(a)(2), 392.304(a)(4), and 392.304(a)(8) of the Texas Finance Code. The Court addresses each claim in turn.

Section 392.301(a)(8) provides that, "[i]n debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: . . . (8) threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a). Stiger's claim under Section 392.301(a)(8) fails because she has not alleged any facts indicating Defendants used threats, coercion, or attempts to coerce in connection with initiating and

ORDER – PAGE 11

conducting the foreclosure sale. Threatening to exercise a statutory or contractual right of seizure, repossession, or sale does not violate the statute. *See* TEX. FIN. CODE § 392.301(b)

Section 392.303(a)(2) states a debt collector "may not use unfair or unconscionable means that employ . . . (2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." TEX. FIN. CODE § 392.303(a)(2). Stiger's claim under Section 392.303(a)(2) fails because she has not alleged any facts indicating Defendants collected by unfair and unconscionable means any interest, charge, fee, or expense.

Section 392.304(a)(4) states a debt collector "may not use a fraudulent, deceptive, or misleading representation that . . . (4) fail[s] to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money." TEX. FIN. CODE § 392.304(a)(4). Subsection (b) of this section, however, exempts "person[s] servicing or collecting real property first lien mortgage loans . . . ." *Id.* §392.304(b). The foreclosure proceedings and debt collection of the present action concern a first lien mortgage loan. Accordingly, Stiger's claim under this section cannot survive a Rule 12(b)(6) motion to dismiss.

Section 392.304(a)(8) states a debt collector "may not use a fraudulent, deceptive, or misleading representation that . . . (8) misrepresent[s] the character, extent, or amount of a

consumer debt, or misrepresent[s] the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). Stiger's claim under this section fails because she has not alleged any facts indicating that Defendants made any misleading representations.

Because Stiger failed to allege any cognizable claims against Defendants, granting leave to amend would be futile. Accordingly, the Court denies Stiger's motion for leave to amend.

## CONCLUSION

The Court grants Defendants' motion to dismiss Stiger's claims with prejudice and denies Stiger's motion for leave.

Signed July 5, 2016.

_____
David C. Godbey
United States District Judge